James Patrick CONWAY, Individually as Father and Next Friend of Jacklyn Conway, a Minor, Appellant,

v.

OHIO CASUALTY INSURANCE COMPANY, a Corporation; City of Oklahoma City, a Municipal Corporation; Independent School District No. I–89, a Public Corporation; and Darrell Cringler, an Individual, Appellees.

No. 56424.

Supreme Court of Oklahoma.

Sept. 13, 1983.

As Corrected Sept. 14, 1983.

Michael Gassaway, Hughes, Nelson & Gassaway, Oklahoma City, for appellant.

John M. Perry III, Foliart, Mills & Niemeyer, Oklahoma City, for appellees.

WILSON, Justice.

This appeal now before us on certiorari arose from the District Court's granting of summary judgment in favor of defendant-appellees in a suit brought under the Political Subdivision Torts Claims Act, 51 O.S. 1981, § 151, *et seq.* The Court of Appeals in an unpublished opinion reversed and re-

manded with directions. That opinion is vacated and the following is substituted in lieu thereof.

The District Court granted summary judgment finding that defendant School District and defendant Darrell Cringler did not receive notice of the claim as required by the Torts Claims Act. After a thorough review of the pleadings and evidentiary materials, we find that the order granting summary judgment should be affirmed as to defendant Ohio Casualty Insurance Company; and reversed as to defendants Independent School District No. I–89 and Darrell Cringler.

The appellants allege in their amended petition that six-year-old Jacklyn Conway was struck by her school bus immediately after disembarking in front of her home on September 14, 1979. The bus driver, Darrell Cringler, did not stop and was later arrested for leaving the scene of an accident. The child suffered severe and permanent injuries to her head and eyes.

Three months after the accident, the child's attorney wrote a letter to the school district's insurer advising it of a claim for injury. The attorney apparently under the misapprehension that the School District was a subdivision of the city of Oklahoma City, sent written notice of the claim to the clerk of Oklahoma City,[1] rather than to the clerk of the School District as required in 51 O.S.1981, § 156(B), which provides in pertinent part:

"A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs."

In an affidavit attached to the appellees' motion for summary judgment, the Clerk of the Board of Education of the School District stated that she had received no notice of any claim on behalf of Jacklyn Conway.

However, attached to the appellants' answers to interrogatories is correspondence of December 19, 1979, from appellants' attorney to the School District's insurance carrier concerning the accident and claim. In response the carrier indicated in a letter dated December 27, 1979, that he was willing to negotiate a settlement. This correspondence occurred well within the 120-day provision of Section 156(B).

The notice to the School District's insurer is analogous to the notice given in *Duesterhaus v. City of Edmond,* 634 P.2d 720 (Okl. 1981). There, we found that the giving of verbal notice to the political subdivision's attorney substantially complied with the notice provision, absent any possibility of prejudice by failure to give written notice.

In *Reirdon v. Wilburton Board of Education,* 611 P.2d 239 (Okl.1980), this Court emphasized that the purpose of the notice requirement must be kept in mind in order to prevent a construction which would defeat the ends of justice. The purposes of the notice requirement are to further legitimate interests by promoting prompt investigation; by providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims; and to allow the opportunity to prepare to meet possible fiscal liabilities. We find here that none of these interests were prejudiced by the mode of imparting notice of the claim and hold that although the notice given did not conform to the authorized procedures under the Act, it was sufficient to establish substantial compliance. In this respect, the judgment of the District Court is reversed as to the School District and its employee, Darrell Cringler.

Summary judgment in favor of the insurer is affirmed however, because it was not a proper party to the suit.

The appellees had demurred to the appellant's petition on the ground that the insurance company was improperly joined as a

---

1. Appellant named the City of Oklahoma City as a defendant, alleging that the school bus belonged to the city and that the bus driver was its employee. There is evidentiary material in the record to the contrary. The City did not join in the motion for summary judgment, instead it has filed demurrers, motions to strike, and motion to make more definite and certain, upon which there are no rulings in the record.

party defendant. The District Court evidently did not rule on the demurrer but did grant summary judgment to the insurance company along with the School District and its employee.

On appeal, the appellant contends the insurance company may be sued independently of the School District, relying on 70 O.S.1981, § 9–106, which states:

"The board of education of any school district authorized to furnish transportation may purchase insurance for the purpose of paying damages to persons sustaining injuries proximately caused by the operation of motor vehicles used in transporting school children. The operation of said vehicles by school districts, however, is hereby declared to be a public governmental function, and no action for damages shall be brought against a school district under the provisions of this section but may be brought against the insurer,...."

This statute conflicts with 51 O.S.1981, § 163, which reads in part:

".... No attempt shall be made in the trial of any action brought against any political subdivision or employee within the scope of this act to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of the plaintiff."

And, 51 O.S.1981, § 170, provides:

"This act is exclusive and supersedes all home rule charter provisions and special laws on the same subject heretofore, and all acts or parts of acts in conflict herewith are repealed."

The Political Subdivision Torts Claims Act which contains its own provisions for procurement of insurance by school districts, 51 O.S.1981, § 168, supercedes 70 O.S. § 9–106. Additional authority is found in 51 O.S. 1981, § 164, which provides that the Rules of Civil Procedure, insofar as applicable and to the extent they are not inconsistent with provisions of the Act, shall apply to and govern all actions brought under the Act. Title 12 O.S.1981, § 323, on joinder of parties, provides that "nothing herein permits the joinder of liability insurers..." In *Lamont Independent School District, No. I–95 of Grant City v. Swanson*, 548 P.2d 215 (Okl.1976), citing Section 323, we held the liability insurer of a school district was not a proper party in a personal injury action against a school district which waived its governmental immunity to the extent of the insurance coverage only. Nothing in the Tort Claims Act changes prior law prohibiting insurance companies as parties to actions. In fact, the Act explicitly states no attempt shall be made to suggest the existence of any insurance.

The opinion of the Court of Appeals is vacated; summary judgment as to Independent School District No. I–89 and Darrell Cringler is reversed, and as to Ohio Casualty Insurance Company is affirmed.

BARNES, C.J., SIMMS, V.C.J., and IRWIN, HODGES, LAVENDER, DOOLIN and OPALA, JJ., concur.

HARGRAVE, J., disqualified.