Sheila D. **WALKER**, Appellant,

v.

The **CITY OF MOORE**, Oklahoma, Appellee.

No. 72184.

Supreme Court of Oklahoma.

July 7, 1992.

Rehearing Denied Sept. 10, 1992.

---

Patrick M. Ryan, Joe M. Hampton, Ryan, Corbyn & Geister, Oklahoma City, for appellant.

Ted N. Pool, Sherry Blankenship, Pool, Thompson, Coldiron, Blankenship & Vincent, Oklahoma City, for appellee.

ALMA WILSON, Justice:

The issue presented is whether a spouse may maintain a claim in the district court for loss of companionship and consortium where the spouse did not submit a separate written notice of claim to the alleged governmental tortfeasor. We find that the written notice of the claim of tortious injury submitted by appellant's husband to appellee sets forth an amount of damages which exceeds the aggregate of damages sought by appellant and her injured spouse in the district court and that the notice is in substantial compliance with the requirements of the Governmental Tort Claims Act.[1] We hold that the district court had jurisdiction over appellant's claim for damages for loss of companionship and consortium in this cause.

James Lee Walker, appellant's husband, sustained severe injuries when a motorcycle on which he was riding as a passenger collided with another vehicle. The accident occurred on N.W. 27th Street between Shields and Interstate 35 in the City of Moore at about 9:00 p.m. on June 12, 1987. The automobile was traveling westbound on N.W. 27th Street in an area where the two westbound lanes merge into one lane. It is alleged that at the time of the collision the pavement markings which warn of the narrowing of the westbound roadway were faded. James Lee Walker submitted a written notice of claim to the City of Moore, Oklahoma, appellee, for personal injury damages in the amount of three million dollars allegedly caused by the negligence of the City. Walker's notice of claim, submitted to the City of Moore on September 3, 1987, was timely.[2]

---

1. Presently codified as 51 O.S.1991, §§ 151–172.

2. 51 O.S.1991, § 156(B) requires that notice of a claim against a governmental entity must be

Subsequently, James Lee Walker and Sheila D. Walker, appellant, filed the action below to recover damages, including damages for Sheila D. Walker's loss of companionship and consortium, in the total amount of $2,375,067.00 from the City of Moore. The petition alleges that James Lee Walker's injuries were caused by the negligent failure of the City of Moore to adequately and properly design, layout, mark and maintain N.W. 27th Street and that because of the tortious injuries to her husband Sheila D. Walker has suffered loss of companionship and consortium. The City of Moore moved for summary judgment against Sheila D. Walker, asserting that her claim for loss of companionship and consortium was time barred by her failure to submit a separate written notice of claim to the City of Moore. In response, Sheila D. Walker argued that her husband's timely written notice of claim is in substantial compliance with the notice requirements of the Governmental Tort Claims Act (Act) which allows her to pursue her claim for derivative loss in district court. The district court granted summary judgment in favor of the City of Moore and against Sheila Walker.[3] The Court of Appeals affirmed. Certiorari was previously granted.

It is undisputed that Sheila D. Walker (Walker) presented no separate notice of claim to the City of Moore before the suit below was filed. Walker contends that she is entitled to maintain her claim for damages against the City of Moore because her husband's timely notice of claim satisfied the underlying purposes of the notice provisions of the Act; that it put the City of Moore on notice of the date and location of the event that gave rise to the alleged injuries, the nature of the alleged tortious acts, and the amount of the claim. The City of Moore contends that the Act proscribes district court jurisdiction over Walker's claim without written notice to the City of Moore that Walker is a person claiming a loss; that the notice of claim submitted by Walker's husband does not identify Walker as a person claiming a derivative loss; and, that Walker did not submit a separate notice of claim.

Two questions are fairly comprised within the issue presented: 1) Is a spouse a person who may file a notice of claim under the Act; and, 2) Does the Act require that the notice of claim disclose the identity of a spouse as a person who may claim a derivative loss?

The first question is controlled by the definition of "claimant" set forth in the Act.

Title 51 O.S.1991, § 152, defines a claimant:

As used in this act, Section 151 et seq. of this title:

4. *"Claimant" means the person* or his authorized representative *who files notice of a claim in accordance with this act. Only the following persons and no others may be claimants:*

a. any person holding an interest in real or personal property which suffers a loss, provided that the claim of said person shall be aggregated with claims of all other persons holding an interest in the property and the claims of all other persons which are derivative of the loss, and that multiple claimants shall be considered a single claimant,

b. *the individual actually involved in the accident or occurrence who suffers a loss, provided that he shall aggregate in his claim the losses of all other persons which are derivative of his loss, or*

c. in the case of death, an administrator, special administrator or a personal representative who shall aggregate in

submitted to the governmental entity within ninety days of the date the loss occurs. The timeliness of the notice of claim submitted by James Lee Walker was not challenged in the trial court nor on appeal.

The date of the accident giving rise to this claim was June 12, 1987. The applicable provisions of the Governmental Tort Claims Act, cited in this opinion with reference to the 1991 codified statutes, have not been amended since the date of the accident.

3. The case proceeded to jury trial on James Lee Walker's claim. The jury returned a verdict in favor of the City of Moore. We have remanded for new trial. *James Lee Walker v. The City of Moore, Oklahoma,* 63 O.B.J. 1518, — P.2d —, May 19, 1992, Cause No. 72,233.

his claim all losses of all persons which are derivative of the death. [Emphasis added.]

██ The purpose of the statutory definition of "claimant" is clear. It defines the class of persons who may initiate a tort claim against a governmental agency under the Act. It is equally clear that a spouse of an injured person is not within the class of persons authorized to initiate a claim under the Act. Instead, under § 152(4)(b), the claimant shall aggregate in his/her claim the losses of all other persons which are derivative of his/her loss [4]; and, under § 154(C), the aggregate losses claimed by a claimant are subject to the liability limitations upon a single claimant arising out of a single occurrence.[5] By these statutory provisions, the Legislature has proscribed separate notices of claim for recovery of personal loss suffered by the injured person and derivative loss suffered by a spouse.[6]

In this case, only James Lee Walker may be a claimant for purposes of the Governmental Tort Claims Act and any losses of all other persons which are derivative of his loss must be aggregated in his notice of claim against the City of Moore. Pursuant to the Governmental Tort Claims Act, Sheila D. Walker is not a claimant who may file notice of a claim and no separate notice to the City of Moore is required for Sheila D. Walker to maintain her claim for damages for loss of her husband's companionship and consortium in district court. Rather, Walker may maintain her claim in district court if her damages are aggregated in the notice of claim for money damages submitted by her husband. James Lee Walker submitted a notice of claim of damages in the total amount of three million dollars to the City of Moore. Total damages sought in this cause, which includes the damages claimed by Sheila D. Walker, is $2,375,-067.00. The notice of claim submitted by James D. Walker specified an amount of damages sufficient to include the damages claimed by Sheila D. Walker in this cause.

██ The second question, does the Act require that Walker be named as a person claiming a loss in her husband's notice of claim, is controlled by the provisions of the Act and our substantial compliance rule. The essence of the argument presented by the City of Moore is that 51 O.S.Supp.1987, § 156 requires that it must have notice of the name, address and telephone number of Sheila D. Walker as a claimant in order for her to pursue her claim in district court. We do not agree. Section 156,[7] in effect in 1987, stated in part:

A. Any person having a claim against the state or a political subdivision within the scope of this act shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages....

E. The written notice of claim to the state or a political subdivision shall state the date, time, place and circumstances of the claim, the amount of compensation or other relief demanded, *the name, address and telephone number of the claimant,* and the name, address and telephone number of any agent authorized to settle the claim. *Failure to state either the date, time, place and circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision.* The time for giving notice of claim pursuant to the provisions of this section does not include the time during which the person injured is unable due to incapacitation from the injury to

---

4. A spouse's loss of services, companionship and consortium arising out of injury to the other spouse is a derivative loss. *Laws v. Fisher,* 513 P.2d 876 (Okla.1973) and *Retherford v. Halliburton Company,* 572 P.2d 966, 969 (Okla.1978).

5. Section 154(C) states, in part: "When the amount of the aggregate losses presented by a single claimant exceeds the limits of paragraphs 1 or 2 of subsection A of this section, each person suffering a loss shall be entitled to his proportionate share".

6. In this case, the claims of James E. Walker and Sheila D. Walker are joined in a single suit below. Accordingly, the right of a spouse to maintain a suit to recover for loss of services, companionship and consortium separate from a suit by the injured spouse to recover for personal injury under the Governmental Tort Claims Act is not an issue presented herein.

7. 51 O.S.Supp.1987, § 156.

give such notice, not exceeding ninety (90) days of incapacity. [Emphasis added.]

Subsection E requires the name, address and telephone number of the *claimant* be set forth in the notice.[8] Legislative intent that the absence of all other information will not invalidate the notice is implicit in subsection E, in its entirety. Thus the legislature has indicated that a notice of claim filed within the requisite time period will preserve the rights of the claimant and the persons claiming derivative loss if the notice sets forth the name, address and telephone number of the claimant. The statute does not provide that the omission of the name, address and/or telephone number of a person who may claim a derivative loss from the notice of claim is fatal to the right to pursue a claim for derivative loss in district court.[9]

█ Walker contends that her right to maintain her claim for damages is preserved by her husband's notice of claim which substantially complies with § 156. We agree. In support of this contention, Walker cites *Lucas v. Independent Public School District No. 35 of Holdenville, Oklahoma*, 674 P.2d 1131 (Okla.1983); *Conway v. Ohio Casualty Insurance Co.*, 669 P.2d 766 (Okla.1983); *Duesterhaus v. City of Edmond*, 634 P.2d 720 (Okla.1981); and *Rierdon v. Wilburton Board of Education*, 611 P.2d 239 (Okla.1980).

In *Rierdon*, we considered the purposes underlying the notice provisions of the political subdivision tort claims statutes, subsequently amended and reenacted in the Governmental Tort Claims Act,[10] emphasizing the need to avoid a construction that would defeat the ends of justice. In *Conway* we said notice is sufficient where the information provided to the governmental entity satisfies the purposes underlying the statutory notice requirements: to promote prompt investigations; to provide early opportunity for correction of dangerous conditions; to promote speedy and amicable settlement of meritorious claims; and, to allow the governmental entity to prepare for possible fiscal liabilities. *Conway*, 669 P.2d at 767.

█ The omission of the identity of Sheila D. Walker as a person claiming a derivative loss from the notice of claim does not frustrate any purpose underlying the notice requirements. Neither the Governmental Tort Claims Act nor our decisional law strictly requires the disclosure of the name of a person claiming a derivative loss in a notice of claim. Section 156(E) does penalize a claimant who refuses to furnish such information after demand by the governmental entity by declaring that the notice shall be invalid upon such refusal. No such contention is made herein. We find the notice of claim submitted by James Lee Walker to be sufficient to preserve the right of Sheila D. Walker to maintain a claim for loss of companionship and consortium in district court. The trial court's grant of summary judgment against the appellant is erroneous as a matter of law. Summary judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.

OPALA, C.J., and HARGRAVE, KAUGER, SUMMERS and WATT, JJ., concur.

HODGES, V.C.J., and LAVENDER and SIMMS, JJ., dissent.

---

8. The definition of claimant in § 152(4) controls the meaning of the language in § 156. *Oliver v. City of Tulsa*, 654 P.2d 607 (Okla.1982).

9. The City of Moore contends that it must be given notice that Sheila D. Walker *is a person claiming a derivative loss* as required by: 1) § 152(4)(b) and § 156(E); and, 2) its printed "Notice of Tort Claim" form. Sections 152(4)(b) and 156(E) of the Act do not support this contention. In this case, identification by name, address and telephone number of the person who is actually injured, James Lee Walker, in the notice of claim satisfies the statutory requirements. The City of Moore's "Notice of Tort Claim" form does provide space for identification of persons claiming derivative loss. However, the City of Moore has no authority to enlarge the notice requirements provided in the Governmental Tort Claims Act. *City of Tulsa v. Macura*, 186 Okla. 674, 100 P.2d 269 (1940).

10. 51 O.S.Supp.1977, § 156.