Ramona **GRIDER**, minor, By and Through father and next friend, Glen A. **GRIDER**, Appellant,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 89,** Appellee.

No. 80814.

Court of Appeals of Oklahoma, Division No. 1.

March 1, 1994.

---

Christopher J. Bergin, Morris & Morris, Oklahoma City, for appellant.

O. Clifton Gooding, Don S. Strong, and Joseph K. Goerke, Gooding, Mullenix & Belanger, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

Appellant Ramona Grider, by her father and next friend Glen A. Grider, appeals a trial court order dismissing her claim against Independent School District No. 89 (School) for injuries she allegedly sustained while attending school in Oklahoma City. Because we conclude the trial court properly found Grider's claim was barred by the statute of limitations, we affirm.

■ We review the trial court's decision by the standards applicable to the summary adjudication procedure provided in Rule 13, Rules for District Courts, 12 O.S.1991, Ch. 2, App., because School's Motion to Dismiss and Grider's response were based upon "matters outside the pleading" which were not excluded by the trial court. 12 O.S.1991 § 2012(B). Under those standards we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties, and will affirm if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Buckner v. General Motors Corp.*, 760 P.2d 803 (Okla.1988). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to the party opposing the motion. *Ross v. City of Shawnee*, 683 P.2d 535 (Okla. 1984).

There is no dispute about the facts relevant to determining whether Grider's action was timely filed. A chronology of the procedural steps concerning this claim follows.

May 2, 1991—Grider allegedly injured

May 29, 1991—Notice to School

August 27, 1991—Claim deemed denied under 51 O.S.1991 § 157(A)

February 23, 1992—180 day period for filing action under 51 O.S.1991 § 157(B) expires

April 2, 1992—Second notice to School

August 13, 1992—Petition filed

■ For reversal, Grider argues that because the second notice was filed less than one year after the injury,[1] her claim is not barred by the fact the first notice and denial was not followed by a timely lawsuit. According to § 157(B), "[n]o action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim." To adopt Grider's argument, we would have to interpret the statute as if it included an additional proviso, such as "unless a subsequent notice of claim is presented within the time provided by Section 156(B)."

We can find no statutory basis for allowing a barred claim to be revived by sending another notice, and to do so would effectively render much of the language concerning the 180 day limitation nugatory. Our obligation is to interpret statutes to give every provision effect. *Darnell v. Chrysler Corporation*, 687 P.2d 132 (Okla.1984). Because the undisputed facts are consistent only with the conclusion that Grider's action was not commenced within the time allowed by law, the trial court properly dismissed Grider's claim.

AFFIRMED.

JONES, P.J., and HANSEN, J., concur.

---

1. 51 O.S.1991 § 156(B) requires notice of all claims be presented to the governmental entity within one year of injury. This section does not provide for a "second notice."