34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Angelo DICESARE, Plaintiff-Appellant,
v.
Eva JETTON, County Clerk of Osage County, and P. Moore,
Deputy County Clerk of Osage County, Defendants-Appellees.
 No. 94-5094.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se plaintiff Joseph Angelo DiCesare appeals the district court's dismissal of his 42 U.S.C.1983 complaint for failure to state a claim. Plaintiff alleges violations of his federal constitutional rights to equal protection, due process, and to petition the government for redress of grievances. Plaintiff also alleges pendent state law claims, based on Okla. Const. art. II, 3 (right to petition government for redress of grievances) and Okla. Stat. Ann. tit. 51, 36.1-36.2 (requiring state employees to take oath to uphold the U.S. and Oklahoma Constitutions).
 
 
 3
 "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). We review a dismissal under Rule 12(b)(6) de novo confining our review to the allegations in the complaint and accepting the facts pleaded as true. Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993).
 
 
 4
 In April 1991 plaintiff filed a notice of claim under Okla. Stat. Ann. tit. 51, 156(D) of the Governmental Tort Claims Act (GTCA) indicating his intention to sue Osage County, Oklahoma, for the participation of the local sheriff, deputies, and members of the district attorney's office in the confiscation and sale of thirteen horses from his farm. Section 156(D) of the GTCA requires that all claims "against a political subdivision shall be in writing and filed with the office of the clerk of the governing body." Accordingly, plaintiff sent his notice of claim by certified mail, return receipt requested, to defendant Eva Jetton, the Osage County Clerk. Defendant Deputy County Clerk, P.Moore, accepted the mailing and signed the return receipt. The clerk's office then sent the notice of claim to the district attorney's office. Except for his return receipt, plaintiff neither heard nor received anything further on his claim.
 
 
 5
 Plaintiff asserts that because the defendants sent his notice of claim to the district attorney's office and because the defendants did not actually file a tort action for him that his constitutional rights were violated. The record in this case provides absolutely no basis in law or in fact to support the plaintiff's 1983 claim. Plaintiff's appeal is based entirely on his misunderstanding of Okla. Stat. Ann. tit. 51, 156.
 
 
 6
 It seems clear that the defendants performed their statutory duty by receiving and acknowledging acceptance of plaintiff's notice. Plaintiff argues that the county clerk is "responsible for filing tort claims against the county," Appellant's Br. 2, but the clerk has no such responsibility. The GTCA provides ninety days following receipt of notice for a county to approve or deny a claim. Okla. Stat. Ann. tit. 51, 157(A). After ninety days with no response, the claim is denied by operation of law. Id. Having filed a proper notice of claim, a plaintiff has 180 days following the denial of his or her claim to commence legal action. Id. 157(B). Therefore, it was the sole responsibility of the plaintiff in this case to file an action in a timely manner whether his claim was denied in writing or by operation of law. The defendants had no constitutional or statutory duty to pursue plaintiff's alleged tort claims on his behalf.
 
 
 7
 Plaintiff also asserts that the transmission of his notice of claim to the district attorney's office was "retaliatory," unconstitutional, and in violation of Oklahoma law. Appellant's Br. 2E. The district court points out that such a referral may often be necessary in order to diligently investigate claims against a county. The GTCA's 156 notice requirement promotes several valuable interests "by promoting prompt investigation; by providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims; and to allow the opportunity to prepare to meet possible fiscal liabilities." Conway v. Ohio Cas. Ins. Co., 669 P.2d 766, 767 (Okla.1983). In any event, the simple act of sending plaintiff's notice of claim to the district attorney's office did not impede his ability to petition the government for redress of his grievances or to gain full and fair access to the legal system. Because plaintiff has failed to state any cognizable federal claim, his pendent state law claims need not be addressed here. The district court's dismissal is
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470