2011 OK CIV APP 108

**Burl KENNEDY, Brenda Kennedy, Cody Shores, Burl Colton Kennedy and Joy Kennedy, Plaintiffs/Appellants,**

v.

**CITY OF TALIHINA, and Talihina Public Works Authority, Defendants/Appellees.**

No. 108,778.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 10, 2011.

**2.** *Reaffirming McKane v. Durston,* 153 U.S. 684, 687, 14 S.Ct. 913, 914–15, 38 L.Ed. 867 (1894).

Eric Grantham, Stipe, Harper Law Firm, McAlester, Oklahoma, for Plaintiffs/Appellants.

Charles B. Sullivan, Sean M. McKelvey, Steidley & Neal, P.L.L.C., McAlester, Oklahoma, for Defendants/Appellees.

JOHN F. FISCHER, Vice–Chief Judge.

¶ 1 Burl Kennedy, Brenda Kennedy, Cody Shores, Burl Colton Kennedy and Joy Kennedy appeal the dismissal of their petition against the Town of Talihina and the Talihina Public Works Authority (collectively, the Town). The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp.2010, ch. 15, app. 1, and the matter stands submitted without appellate briefing. We affirm the district court's order dismissing the Kennedys' property damage claim because it was not timely filed. However, because the petition states a claim for personal injuries and other damages distinct from property damage, we reverse the order of dismissal in that respect and remand for further proceedings.

## BACKGROUND

¶ 2 The Kennedys' amended petition alleges that on November 10, 2008, raw sewage backed into their home through the Town's sewer line. The petition sets forth three theories of recovery: negligence, trespass and nuisance.[1] On November 14, 2008, a Notice of Tort Claim was filed with the Town clerk claiming damage to property located at 310 Sequoyah Street in Talihina as a result of the November 10 incident. No dollar amount of alleged damage is provided. The Notice is signed by Burl Kennedy and he is the only claimant identified on the form. The Notice utilizes what appears to be a form provided by Oklahoma Municipal Assurance Group (OMAG). The Town did not respond to this Notice. On November 7, 2009, a second Notice of Tort Claim on the same OMAG form was filed related to the November 2008 incident and the property located at 310 Sequoyah Street This Notice identifies all five Kennedys as claimants and alleges bodily injury from exposure to gases and sewage. Although no information is provided in the "Property Damage" portion of the form, the form provides: "Continue on another sheet if needed for any information requested." Attached to the second Notice is a narrative describing the Kennedys' efforts to stop the sewage backup, claiming that they were forced to vacate their home for ten days and itemizing the personal injury and property damage that allegedly resulted from the November 10, 2008 incident (house: $141,420.00; carpet: $3,712.34; duct cleaning: $354.00; construction: $723.05; storage: $200.00; ten days out of house: $1,370.00; extra gas and electric: $200.00; labor: $2,200.00; medical tests: $5,813.70). The Town did not respond to this Notice either.

¶ 3 On April 14, 2010, the Kennedys filed suit against the Town. The Town filed a motion to dismiss arguing the suit was time barred. The district court granted the Town's motion and the Kennedys appeal.

## STANDARD OF REVIEW

¶ 4 The Town's motion to dismiss and the Kennedys' reply included evidentiary materials beyond the pleadings. This Court has held that a trial court may review evidentiary material attached to a motion to dismiss, without converting the motion to one for summary judgment, if the motion challenges the court's jurisdiction. *Visteon Corp. v. Yazel,* 2004 OK CIV APP 52, ¶¶ 20–21, 91 P.3d 690, 694. The Town's motion to dismiss argued that the applicable limitation period barred the Kennedys' claim. "[C]ompliance with the written notice of claim and denial of

---

1. Although filed after the Town's motion to dismiss, the Kennedys' amended petition was filed as a matter of right and related back to the date of the filing of the original petition. *See* 12 O.S.2001 § 2015(A), (C)(2). Therefore, the order appealed dismissed the Kennedys' amended petition.

claim provisions in §§ 156 and 157 [of the Oklahoma Governmental Tort Claims Act] are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government." *Shanbour v. Hollingsworth,* 1996 OK 67, ¶ 7, 918 P.2d 73, 75. "[J]udicial power is invoked by the timely filing of the governmental tort claims action pursuant to § 157, and ... expiration of the 180–day time period in § 157(B) operates to bar judicial enforcement of the claim against the government to which the Legislature waived sovereign immunity." *Id.* Consequently, we review the Town's motion to dismiss *de novo* to determine whether the petition is legally sufficient. *Indiana Nat'l Bank v. Dep't of Human Servs.,* 1994 OK 98, ¶ 2, 880 P.2d 371, 375. The same standard of review applies with respect to the construction of statutes necessary to determine the legal sufficiency of the petition. *Wilhoit v. State,* 2009 OK 83, ¶ 6, 226 P.3d 682, 684–85.

## DISCUSSION

■ ¶ 5 The Kennedys' petition asserts a tort claim against the Town for the property damage to their home and for personal injuries allegedly received by the five members of the family. The viability of these claims is determined by the provisions of the Oklahoma Governmental Tort Claims Act (GTCA), 51 O.S. Supp.2010 §§ 151 to 172. "The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts." 51 O.S.2001 § 152.1(A). However, in certain circumstances, the State has waived its sovereign immunity.

> The state or a political subdivision shall be liable for loss resulting from its torts ... subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state.

> The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

51 O.S.2001 § 153(A), (B). The GTCA establishes a notice procedure by which governmental entities are provided the opportunity to investigate and resolve claims prior to litigation. A person who has a claim against a political subdivision shall present the claim to the political subdivision "within one (1) year of the date the loss occurs. A claim against ... a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." 51 O.S. Supp.2010 § 156(B). "A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part." 51 O.S.2001 § 157(A).

### I. The First Notice

■ ¶ 6 Section 156 of the GTCA provides that persons having a claim against a governmental entity "shall present" the claim to the entity. The claim must be in writing and filed with the appropriate office. The issue in this appeal is the effect of each of the two notices filed by the Kennedys. The only provision of the GTCA dealing with the form of the notice of a claim is section 156(E):

> The written notice of claim ... shall state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim. ...

51 O.S. Supp.2010 § 156(E). The first Notice provides all of this information with respect to damage to the Kennedys' property except the amount of the compensation claimed. However, substantial compliance with the notice requirements of the Act is satisfactory as long as enough information is provided to fulfill the purposes of those requirements. *Mansell v. City of Lawton,* 1995 OK 81, ¶ 9, 901 P.2d 826, 830.

> Failure to state either the date, time, place and circumstances and amount of compensation demanded, or any information requested to comply with the reporting

claims to CMS under MMSEA shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision.

51 O.S. Supp.2010 § 156(E).[2] With respect to any information necessary to the evaluation of the Kennedys' property damage claim, the Town was entitled but not required to request additional information. *See Bivins v. State ex rel. Oklahoma Mem'l Hosp.*, 1996 OK 5, ¶ 13, 917 P.2d 456, 462. The Town did not request any information. Consequently, we find that the first Notice satisfied the requirements of section 156.

¶ 7 The first Notice was filed November 14, 2008, and sought recovery for property damage only. That claim was deemed denied ninety days later on February 12, 2009, when the Town did not respond. See 51 O.S.2001 § 157(A) ("A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days."). Suit on the first Notice was required to be filed within one hundred and eighty days thereafter. See 51 O.S.2001 § 157(B) ("No action for any cause arising under [the GTCA] shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section."). Although filed within one year of the incident as required by section 156(B), the Kennedys' suit, filed April 14, 2010, was filed beyond the time period permitted by section 157(B) as measured from the date the first Notice was deemed denied.

¶ 8 The Kennedys argue that their suit is not barred because the first Notice, signed by Burl Kennedy alone, did not list the names of all claimants and did not make a claim for the personal injuries they allegedly suffered. The Town argues that all of the Kennedys were "claimants" with respect to the first Notice.

The purpose of the statutory definition of 'claimant' is clear. It defines the class of persons who may initiate a tort claim against a governmental agency under the Act. It is equally clear that a spouse of an injured person is not within the class of persons authorized to initiate a claim under the Act. Instead, under [§ 152(5)(b) ], the claimant shall aggregate in his/her claim the losses of all other persons which are derivative of his/her loss; and, under § 154(C), the aggregate losses claimed by a claimant are subject to the liability limitations upon a single claimant arising out of a single occurrence.

*Walker v. City of Moore*, 1992 OK 112, ¶ 8, 836 P.2d 1289, 1292 (superseded by statute as stated in *Minie v. Hudson*, 1997 OK 26, 934 P.2d 1082). Clearly, Burl Kennedy was entitled to file a claim with respect to the real property damage to his home and any related personal property damage. That claim was sufficient to include all property damage incurred by any of the Kennedys derivative of the property damage claimed by Burl.[3] *See* 51 O.S. Supp.2010 § 152(5)(a). A claimant is a person or authorized representative of a person:

holding an interest in real or personal property which suffers a loss, provided that the claim of the person shall be aggregated with claims of all other persons holding an interest in the property and the claims of all other persons which are derivative of the loss, and that multiple claimants shall be considered a single claimant.

*Id.* Because the Kennedys did not file suit with respect to their property damage claim prior to August 11, 2009, that is, within one hundred and eighty days after their property damage claim was deemed denied, suit against the Town for the Kennedys' property damage is barred. *See Shanbour v. Hollingsworth*, 1996 OK 67, ¶ 7, 918 P.2d 73, 75; *Strong v. Oklahoma City Pub. Schs.*, 1997 OK CIV APP 21, ¶ 7, 941 P.2d 538, 541; *Grider v. Indep. Sch. Dist. No. 89*, 1994 OK CIV APP 34, ¶ 5, 872 P.2d 951, 952. The

---

**2.** The statute was amended by Laws, HB 2890, ch. 365, § 1, eff. November 1, 2010, after the Kennedys filed suit against the Town. Because the amendments did not affect the Kennedys' claim in a material way, we cite to the current version of the statute for clarity.

**3.** There is nothing in this record to show that any of the Kennedys had any individual property damage claim that was not derivative of the property damage claim filed by Burl Kennedy.

district court correctly granted the Town's motion with respect to the Kennedys' property damage claim and that portion of the order appealed is affirmed.

## II. The Second Notice

¶ 9 However, suit was timely filed within one hundred and eighty days from the date the second Notice was deemed denied. The issue dispositive of this appeal is whether suit based on the second Notice is precluded by failure to timely file suit after denial of the first Notice. In addition to the property damage to the Kennedys' home, the second Notice claims personal injury in the amount of $6,000.00 allegedly incurred by the five Kennedys from exposure to raw sewage and sewer gas. As held in *Walker*, the personal injury claims are not derivative. *See* 1992 OK 112, ¶ 8, 836 P.2d at 1292. Therefore, each Kennedy is a separate claimant for purposes of section 156 with respect to the personal injury claims. Each Kennedy first filed a Notice of personal injury claims on November 7, 2009, and suit was timely filed after these claims were deemed denied. Also included for the first time in the second Notice was a claim for other damages not directly related to any depreciated value of or cost of repairing the Kennedys' home. For example, the second Notice claims $1,370.00 for the cost of living outside the home for ten days. It is "clear that damages for inconvenience, annoyance, and discomfort are injuries to the person and not to property," and these damages "are separate, distinct, and independent [from damages for depreciation of rental value of property] elements of damage." *Truelock v. City of Del City*, 1998 OK 64, ¶¶ 10–11, 967 P.2d 1183, 1187 (citing *Oklahoma City v. Eylar*, 1936 OK 614, ¶ 11, 177 Okla. 616, 61 P.2d 649, 651; *Oklahoma City v. Tytenicz*, 1935 OK 433, ¶¶ 8–9, 171 Okla. 519, 43 P.2d 747, 748–49). *See City of New Cordell v. Lowe*, 1963 OK 265, 389 P.2d 103; *Town of Braggs v. Slape*, 1952 OK 396, 207 Okla. 420, 250 P.2d 214; *City of Holdenville v. Kiser*, 1937 OK 29, 179 Okla. 216, 64 P.2d 1223.

¶ 10 The text of the GTCA contemplates that a claimant may have more than one claim for damages based on a single occurrence. For example, section 154(A)(1) limits the government's liability to twenty-five thousand dollars "for any claim or to any claimant who has more than one claim for loss of property arising out of a single act, accident, or occurrence." Presumably, this provision is intended to limit a single claimant's personal property claim and real property claim to the twenty-five thousand dollar maximum authorized by the statute. Section 154(A)(2) sets the limits of recovery "for a claim for any other loss." And, "damages for inconvenience, annoyance, and discomfort arising out of a nuisance claim are not damages for 'any loss of property,' but are damages 'for any other loss'" pursuant to section 154(A)(2). *Truelock*, 1998 OK 64, ¶ 9, 967 P.2d at 1187. Just as the text of the GTCA "neither authorizes the government to seek nor prohibits it from inviting a needed amendment of the claim's notice," *Bivins v. State ex rel. Oklahoma Mem'l Hosp.*, 1996 OK 5, ¶ 13, 917 P.2d at 462, it neither authorizes nor prohibits a claimant from filing separate notices of these claims. Although derivative claims are aggregated, *see* 51 O.S. Supp.2010 § 154(D), and total claims for all claimants are limited, *see id.* § 152(5)(a), (b), there is nothing in the language of the GTCA that prohibits a claimant authorized to file a claim from filing a separate notice of claim for each separate type of compensable injury subject to these limitations. "It has long been recognized that remedial statutes should be construed liberally so as to afford all the relief within the power of the court which the language of the act indicates the Legislature intended to grant." *Wilhoit v. State*, 2009 OK 83, ¶ 13, 226 P.3d 682, 686. Therefore, except with respect to a claim previously extinguished for failure to timely file suit,[4] all that the GTCA requires is that a claimant file notice of the claim within one year of the incident and file suit within one hundred and eighty days after the claim is denied.

¶ 11 This construction is consistent with existing Oklahoma Supreme Court authority interpreting the notice provisions of the Act. "The object of the [notice] statute must be

---

4. *See Grider v. Indep. Sch. Dist. No. 89,* 1994 OK CIV APP 34, 872 P.2d 951.

kept in mind, and it should not be given a construction which will defeat the ends of justice." *Reirdon v. Wilburton Bd. of Educ.,* 1980 OK 67, ¶ 6, 611 P.2d 239, 241 (interpreting the predecessor statute to the GTCA). As long as they are timely, allowing separate notices for the types of claims permitted by the GTCA will not defeat the purpose of the notice provisions of the Act.

The purposes of the notice requirement are to further legitimate interests by promoting prompt investigation; by providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims; and to allow the opportunity to prepare to meet possible fiscal liabilities.

*Conway v. Ohio Cas. Ins. Co.,* 1983 OK 83, ¶ 7, 669 P.2d 766, 767. *Cf. Vaughan v. City of Broken Arrow,* 1999 OK 47, 981 P.2d 316 (holding that although the parties had settled the claimant's property damage claim, they had agreed to extend the section 157 time limits until all of the claimant's personal injury damages could be determined).

¶ 12 Therefore, we find that the failure to timely file suit after denial of the Notice of claim for "property damage" did not preclude the Kennedys from filing the second Notice claiming personal injuries and "other damages" not related to the property damage claim. Because the Kennedys timely filed suit based on their second Notice, it was error to grant the Town's motion to dismiss in this respect, except to the extent the second Notice sought to reassert the Kennedys' property damage claim.[5] We reach this conclusion with respect to Burl Kennedy's claim for personal injury as well because the first Notice filed by him on the form provided by the Town clearly included space for property damage claims and personal injury claims. Burl Kennedy did not claim any personal injury on that form. And, as we have construed the relevant statutes, he was not required to do so. Like the other Kennedys, Burl Kennedy's personal injury claim was first asserted in the second Notice and suit was timely filed after denial of that claim.

## CONCLUSION

¶ 13 After a sewer backup in their home, the Kennedys filed two separate Notices of Tort Claim pursuant to the GTCA. The first Notice claimed property damage only. The Kennedys did not file suit within the time required by the GTCA with respect to that claim. However, suit was timely filed after the denial of the second Notice that asserted a claim for personal injury and other non-property damages that were not claimed in the first Notice. The Town moved to dismiss the Kennedys' suit and the district court granted that motion. With respect to the Kennedys' claim for property damage, the district court's order is affirmed. As to the second Notice, the Kennedys' suit was timely filed and is not precluded by their failure to properly pursue the property damage claim. The order dismissing the Kennedys' suit with respect to their personal injury and other non-property damage claims is reversed and this case is remanded for further proceedings.

¶ 14 **AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, P.J., and WISEMAN, J., concur.

---

5. The Kennedys do not argue and we do not decide whether their second Notice filed after the time for filing suit based on denial of the first Notice expired would have been effective to amend the first Notice. *See Bivins v. State ex rel. Oklahoma Mem'l Hosp.,* 1996 OK 5, ¶ 13, 917 P.2d 456, 462 (holding a governmental entity's request for information after filing a GTCA notice extended the time for filing suit and noting that "[p]ublic policy would generally favor amendments"). *See also* 12 O.S.2001 § 2015 (regarding amendment of pleadings and providing that leave to amend shall be freely given) (made applicable pursuant to 51 O.S.2001 § 164: "The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to the extent that such rules are not inconsistent with the provisions of [the GTCA], shall apply to and govern all actions brought under the provisions of this act").