Larry Joplin, Judge:
¶ 1 Plaintiff/Appellant Michael Schauf, Guardian of the Person and Estate of Daniel Lee Boling, III (Plaintiff), seeks review of the trial court's order granting the motion to dismiss of Defendant/Appellee The GEO Group, a Florida corporation, d/b/a Lawton Correctional Facility (Defendant), in Plaintiff's action to recover for personal injuries sustained by Daniel Lee Boling, III, while he was incarcerated at the Lawton Correctional Facility. In this appeal, Plaintiff asserts the trial court erred in holding his claim was barred by the statute of limitations.
¶ 2 On or about July 3, 2015, Daniel Lee Boling, III, was severely beaten by his cell mate, Randy Glenn Mounce, while the two men were incarcerated at the Lawton Correctional Facility. According to Plaintiff, Daniel Lee Boling, III, has ever since been in a coma.
¶ 3 In December 2015, Plaintiff Michael Schauf was appointed as the Guardian of the Person and Estate of Daniel Lee Boling, III, his brother. On January 13, 2016, Plaintiff submitted to Defendant a notice of claim to comply with the Oklahoma Governmental Tort Claims Act (OGTCA), 51 O.S. §§ 151, et seq., § 157(A). See also , 57 O.S. § 566.4(B).[1]
¶ 4 To obtain an expert's affidavit of merit pursuant to 12 O.S. § 19.1(A)(1),[2] Plaintiff served Defendant with a subpoena duces tecum to compel Defendant's production of records concerning the assault on Daniel Lee *444 Boling. On March 1, 2016, Defendant refused to comply with Plaintiff's subpoena duces tecum as seeking proprietary and confidential information.
¶ 5 Later in March 2016, Defendant requested the production of documents concerning the assault from the Oklahoma Department of Corrections. DOC produced the requested documents in June 2016. Plaintiff made additional requests for documents from DOC in August 2016 and October 2016, to which DOC responded in October 2016 and January 2017, respectively. According to Plaintiff, his expert issued a § 19.1 affidavit of merit March 9, 2017.
¶ 6 On June 29, 2016, Plaintiff filed his original petition to commence the instant action against Defendant Randy Mounce. On March 13, 2017, Plaintiff filed his amended petition adding additional parties, including Defendant, and asserted claims of negligence.
¶ 7 On April 6, 2017, Defendant filed its motion to dismiss. Defendant asserted that, in his amended petition, Plaintiff did not allege compliance with the notice-of-claim provisions of the OGTCA, rendering Plaintiff's petition subject to dismissal. Defendant further asserted that Plaintiff did not timely commence the instant action against it within one-hundred eighty (180) days of the date his claim was deemed denied on April 13, 2016, that is, not later than October 13, 2016, and, accordingly, the claim was barred. 51 O.S. §§ 157(A),[3] (B).[4]
¶ 8 On April 21, 2017, Plaintiff filed his response.[5] Plaintiff first asserted the claim was timely presented to Defendant within one year of the date of loss as required by 51 O.S. § 156(B),[6] and set forth the date, time, place and circumstances of the claim as required by § 156(E).[7] Plaintiff secondly asserted that the filing of the amendment to his original petition adding Defendant as a party, albeit more than one hundred eighty days after the deemed denial of his OGTCA claim, related back to the date of filing of his original petition, well within the 180-day period prescribed by §§ 157(A) and(B), inasmuch as Defendant knew or should have known of its potential liability when served with the OGTCA notice of claim January 13, 2016, and the action against Defendant was therefore timely filed. See 12 O.S. § 2015(C).[8] Plaintiff *445 thirdly argued that his failure to allege compliance with the OGTCA notice-of-claim provisions could be cured by amendment of the petition. Alternatively, Plaintiff asserted the 180-day filing period set forth in § 157(B) should be equitably tolled during the period Plaintiff was seeking adequate document discovery to obtain the affidavit of merit required by § 19.1, particularly considering Defendant's refusal to comply with his subpoena duces tecum and produce documents on March 1, 2016, and that, given the continuing disability of Daniel Lee Boling, Plaintiff timely filed the action well within the two-year limitation of 12 O.S. § 96.[9]
¶ 9 On May 8, 2017, Defendant filed a reply to Plaintiff's response. Defendant first argued the provisions of § 2015(C) did not apply because, when Plaintiff filed his original petition, there was no "mistake concerning the identity of the proper party" that should have been named as required for relation back by § 2015(C)(3). Defendant secondly argued that § 2015(C) does not apply where a plaintiff makes a "tactical" decision not to name a particular defendant and discovers, after passage of the 180-day period, the potential liability of the unnamed defendant. Pan v. Bane , 2006 OK 57, 141 P.3d 555. Defendant also argued that § 19.1 did not excuse the untimely filing of the amended petition because (1) whether Plaintiff's negligence claim required the support of an affidavit of merit was questionable, (2) § 19.1(B)(1) allowed an extension of time to obtain an affidavit of merit, and (3) Plaintiff was in possession of the documents he needed to obtain his affidavit of merit on October 6, 2016, prior to expiration of the 180-day period on or about October 13, 2016. Moreover, said Defendant, § 96 did not apply to extend the time for filing more than ninety (90) days after the date of loss. 51 O.S. § 156(E) ; Hall v. GEO Group , 2014 OK 22, 324 P.3d 399.
¶ 10 On May 17, 2017, upon consideration of the parties' filings and argument, the trial court granted Defendant's motion, and dismissed Plaintiff's claim against Defendant with prejudice.[10] Plaintiff appeals and the matter stands submitted on the trial court record.[11]
¶ 11 " '[C]ompliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 [of the Oklahoma Governmental Tort Claims Act] are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government.' " Kennedy v. City of Talihina , 2011 OK CIV APP 108, ¶ 4, 265 P.3d 757, 759-760. (Citations omitted.) " '[J]udicial power is invoked by the timely filing of the governmental tort claims action pursuant to § 157, and ... expiration of the 180-day time period in § 157(B) operates to bar judicial enforcement of the claim against the government to which the Legislature waived sovereign immunity.' " Id . (Citations omitted.) "[W]e review [a] motion to dismiss de novo to determine whether the petition is legally sufficient." Kennedy , 2011 OK CIV APP 108, ¶ 4, 265 P.3d at 759-760. (Citations omitted.)
*446 ¶ 12 A petition which fails to allege compliance with the notice provisions of § 157 is subject to dismissal, but the failure to allege such compliance may be cured by amendment. See, Girdner v. Board of Com'rs , 2009 OK CIV APP 94, ¶ 24, 227 P.3d 1111, 1116. In his amended petition, Plaintiff failed to allege compliance with the notice of claim provisions, but the pleadings demonstrate Plaintiff indeed complied with § 157's notice of claim provisions.
¶ 13 Plaintiff submitted his notice of claim January 13, 2016, timely under 12 O.S. § 96 and 51 O.S. § 156(B). By force of § 157(A), the claim was deemed denied April 13, 2016. Section 157(B) required Plaintiff to commence a suit against Defendant within 180 days of the deemed denied date, i.e., not later than October 13, 2016.
¶ 14 Plaintiff commenced his action against Defendant Mounce on June 29, 2016. Plaintiff amended his petition to add Defendant GEO Group as a party on March 13, 2017, more than 180 days after Plaintiff's claim against Defendant GEO Group was deemed denied. The amendment is timely only if (1) it relates back to the date of filing of the original petition naming Defendant Mounce alone, or (2) the 180-day period for commencement of suit after deemed denial of the claim was tolled.
¶ 15 On the second question, this is not a case where the charged entity has concealed the facts of its liability as to toll the running of the 180-day period, like what happened in Tice v. Pennington , 2001 OK CIV APP 95, 30 P.3d 1164. The basic facts of Mounce's assault on Boling, and the role Defendant's negligence may have played in that assault, have never been in dispute, inasmuch as Plaintiff asserted the basic facts of Defendant's negligence in its initial notice of claim served on Defendant in January 2016.
¶ 16 Further, while Defendant argues Plaintiff was not required to obtain an affidavit of merit in this ordinary negligence action, it would appear that whether or not Plaintiff was required to obtain a § 19.1 affidavit of merit to assert a negligence claim against Defendant, the failure to obtain such an affidavit was not fatal to the earlier assertion of the claim against Defendant because § 19.1 permits both an extension of time to obtain such an affidavit, and, upon failure to obtain such an affidavit, directs only a dismissal without prejudice, which would permit the re-assertion of the claim upon obtaining the desired affidavit. And, the record is clear that, prior to expiration of the 180-day period, Plaintiff was possessed of all the documents he needed to obtain the affidavit of merit, which his expert eventually provided.
¶ 17 On the first question, we have previously observed that an amended pleading relates back to the date of filing of the original pleading if:
1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or
2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:
a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
12 O.S. § 2015(C). In the present case, the parties raise no questions concerning § 2015(C)(1) or (C)(2). The question here concerns application of § 2015(C)(3), and particularly, § 2015(C)(3)(b), and that is, whether Plaintiff's failure to name Defendant as a party prior to the expiration of the 180-day period mandated by § 157(B) constituted a "mistake concerning the identity of the proper party" as to relate back.
*447 ¶ 18 In Roth v. Mercy Health Center, Inc. , 2011 OK 2, 246 P.3d 1079, the Oklahoma Supreme Court held that, for relation back under § 2015(C)(2), when new parties are sought to be added by an amended pleading, the proper inquiry focuses on whether the new parties sought to be added "knew or should have known they would have been named as defendants, but for error." 2011 OK 2, ¶ 26, 246 P.3d at 1088.
¶ 19 But, in Pan v. Bane , 2006 OK 57, 141 P.3d 555, the Oklahoma Supreme Court held that "[a] mistake under Rule 15(c)(3) exists where a plaintiff intended to sue the proper party but misidentified or misnamed him or her in the original pleading and the new party knew within time that he or she would have been sued but for the plaintiff's mistake." 2006 OK 57, ¶¶ 25, 28, 141 P.3d at 563. And, the Oklahoma Supreme Court in Pan also held that, "when a plaintiff is aware of all possible defendants and makes a tactical decision to name a particular defendant rather than another, only to learn after the statute expires that he has made an error in judgment about liability, it is not a mistake of identity within the rule." 2006 OK 57, ¶ 28, 141 P.3d at 563.
¶ 20 We hold the present case falls within the holding of Pan , and that the Plaintiff's failure to name Defendant as a party prior to the expiration of the § 157(B) 180-day period was not such a mistake concerning the identity of a party as to qualify for relation back under § 2015(C)(3). That is to say, neither Plaintiff nor Defendant ever entertained any doubt that the Defendant was a proper party defendant in the present case. Plaintiff made a decision not to name Defendant as a party, either in his original petition or in an amended pleading filed prior to expiration of the § 157(B) 180-day period. We have noted no concealment of the operative facts of Defendant's negligence tolling the 180-day period as in Tice . We have also held the 180-day period was not tolled during the time Plaintiff sought a § 19.1 affidavit of merit.
¶ 21 Plaintiff did not assert a claim against Defendant within 180 days of the date his claim was deemed denied. Plaintiff's amended petition, naming Defendant as a party for the first time, does not relate back to the date of filing of the original petition. The trial court did not err in granting Defendant's motion to dismiss. The order of the trial court is AFFIRMED.
BELL, P.J.; and BUETTNER, J., concur.

That section provides:
No tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent or servant, until all of the notice provisions of the Governmental Tort Claims Act have been fully complied with by the claimant. This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or any county jail or city jail in either their official or individual capacity, and to any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract.

Section 19(A)(1) provides:
In any civil action for negligence wherein the plaintiff shall be required to present the testimony of an expert witness to establish breach of the relevant standard of care and that such breach of duty resulted in harm to the plaintiff, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit attesting that:
a. the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,
b. the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the determination of the expert that, based upon a review of the available material including, but not limited to, applicable records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the defendant against whom the action is brought constituted negligence, and
c. on the basis of the review and consultation of the qualified expert, the plaintiff has concluded that the claim is meritorious and based on good cause.

"A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, ..."

"No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. ..."

On April 21, 2017, Plaintiff also dismissed the claim against The Wackenhut Corrections Corporation without prejudice.

"[C]laims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs."

"The written notice of claim to the state or a political subdivision shall state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim, and any and all other information required to meet the reporting requirements of the Medicare .... The time for giving written notice of claim pursuant to the provisions of this section does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity."

That section provides:
An amendment of a pleading relates back to the date of the original pleading when:
1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or
2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:
a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) arising from medical malpractice must be brought by the minor's parent or guardian within seven (7) years of infliction of the injury, provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury."

On May 17, 2017, Plaintiff also dismissed the claim against Randy Mounce without prejudice.

See , Rule 4(m), Rules for District Courts, 12 O.S. 2011, Ch. 2, App., and Okla.Sup.Ct.R. 1.36, 12 O.S. 12 O.S. 2011, Ch. 15, App.