Nathan C. MANN, Appellant,

v.

The CITY OF NORMAN, Oklahoma, a Municipal Corporation, Appellee.

No. 70901.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 26, 1989.

Ben A. Goff, Oklahoma City, for appellant.

Jeff F. Raley, Norman City Atty., and Jeff H. Bryant, Asst. City Atty., Norman, for appellee.

## MEMORANDUM OPINION

REYNOLDS, Judge:

The following facts are dispositive of this case.

Nathan Mann (Plaintiff below) initially filed a claim in the Office of the Norman City Clerk against City on February 20, 1987, requesting damages for wrongful termination under the Governmental Tort Claims Act, 51 O.S. Supp.1985, § 151 et seq., Plaintiff's claim was denied on May 21, 1987, and pursuant to 51 O.S.Supp.1985, § 157, his right to file a lawsuit was barred by the Statute of Limitations on November 17, 1987. Nevertheless, Plaintiff filed suit against City in District Court on February 12, 1988, alleging he was discharged as a retaliatory measure for filing a workers' compensation claim.

A hearing was held on April 5, 1988, upon City's Motion to Dismiss, and the District Judge held:

1. An action brought pursuant to 85 O.S. Supp.1981, § 5 through 7 (wrongful termination) is an action in tort,

2. City is a political subdivision to which the provisions of the Governmental Tort Claims Act, 51 O.S. § 151, et. seq., apply,

3. The time limitations set out in 51 O.S. Supp.1985, § 157 are applicable to the case herein,

4. The undisputed facts show that Plaintiff's petition was filed outside the time limitation of the Act and therefore fails to state a claim upon which relief can be granted.

The Court then sustained City's Motion to Dismiss.

The only issue on appeal is the applicability of 51 O.S. Supp.1985, § 151 et seq. to a wrongful termination tort action based on 85 O.S. §§ 5 through 7. 51 O.S.Supp.1985, § 157 states, in part:

A. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days ...

B. No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section ...

In the case at bar, the initial claim was filed February 20, 1987. The claim was

**154**

statutorily denied on May 21, 1987 (ninety days later). On November 17, 1987, the right to file a lawsuit was effectively barred. (180 days).

 Wrongful termination in violation of 85 O.S. §§ 5–7 is an action sounding in tort. The City of Norman is a Political Subdivision governed by the Governmental Tort Claims Act codified at 51 O.S. Supp. 1985, § 151 et seq. A claim of Wrongful Termination against a Political Subdivision must be asserted like any other tort claim pursuant to the Act. There is no dispute that notice of Plaintiff's Claim was filed within the time limit prescribed by the Act, however, Plaintiff's lawsuit was not timely filed within the Statute of Limitations prescribed in 51 O.S. Supp.1985, § 157.B.

The trial court is AFFIRMED.

BAILEY, C.J., specially concurs with separate opinion.

HANSEN, P.J. dissents with separate opinion.

BAILEY, Chief Judge, concurring by separate opinion:

While I concur with the pronouncement and opinion of Judge Reynolds in the above styled matter, I write in response to the dissent of Judge Hansen.

In 1986, the Oklahoma legislature adopted an amendment to the retaliatory discharge provisions of the Workers' Compensation Act:

The liability of the state or any political subdivision as defined in Section 152 of Title 51 of the Oklahoma Statutes, that is found in violation of Section 6 of Title 85 of the Oklahoma Statutes shall be limited to the limits of liability contained in the Governmental Tort Claims Act.

85 O.S.1986 Supp. § 6.1 (eff. November 1, 1986).

By this specific reference to the Oklahoma Governmental Tort Claims Act within the Workers' Compensation Act, I find the clear legislative intent to limit the operation of the retaliatory discharge provisions against political subdivisions. That is to say that retaliatory discharge actions under 85 O.S. §§ 5–7, brought against a politi-

cal subdivision of the state, must also adhere to the specific claims procedure under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 et seq.

Because § 157 of the Tort Claims Act requires commencement of *any* tort action against a political subdivision within one-hundred eighty (180) days of denial of claim filed thereunder, I find that, reading 85 O.S. § 6.1 and 51 O.S. § 157 *in pari materia,* the six-month commencement requirement of § 157(B) applies to actions brought under 85 O.S. §§ 5–7. Because Appellant did not institute his action within 180 days of denial of his claim for wrongful termination by the Appellee/political subdivision, Appellant's claim therefor under 85 O.S. §§ 5–7 was not timely brought. The fact that an action under §§ 5–7 has been characterized as one "created by statute" for purposes of application of the three year statute of limitations under 12 O.S. § 95 (Second) does not, in my opinion, change the nature of a wrongful termination cause of action as one *not* in tort so as to fall outside the provisions of the Governmental Tort Claims Act.

I therefore concur with Judge REYNOLDS and find that the Trial Court's judgment should be affirmed.

HANSEN, Presiding Judge, dissenting:

*Ingram v. Oneok, Inc.,* 775 P.2d 810 (Okla.1989) holds that an action for damages for retaliatory discharges under 85 O.S.1981 §§ 5–7 is not a tort action subject to the limitations of 12 O.S.1981 § 95(3) but rather an "action upon a liability created by statute." The Supreme Court applied the three year limitation period of 12 O.S.1981 § 95(2) to such actions.

In my view, Plaintiff's petition for damages for retaliatory discharge under the Workers' Compensation Act was timely filed by virtue of the law set out in the above decision.

I therefore respectfully dissent.