2001 OK CIV APP 120

**Scott Eugene ZACHARY, Plaintiff/Appellant,**

v.

**STATE of Oklahoma ex rel., The DEPARTMENT OF CORRECTIONS, Defendant/Appellee.**

**No. 96,358.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided Sept. 7, 2001.

Mandate Issued Oct. 4, 2001.

Modified Oct. 8, 2001.

Stanley M. Ward, Woodrow K. Glass, Norman, Oklahoma, for Appellant.

Charles K. Babb, Asst. Attorney General, Oklahoma City, Oklahoma, for Appellee.

## OPINION

CARL B. JONES, Judge:

¶ 1 Plaintiff/Appellant, Zachary, appeals an order granting summary judgment against him for the reason that his claim is barred by the statute of limitations. Appellant was an employee of Defendant/Appellee, Department of Corrections. His cause of action against DOC was for retaliatory discharge under 85 O.S.1991 §§ 5–7.

¶ 2 Appellant was employed as a warehouse worker at the Oklahoma State Penitentiary. In 1995 he had an on-the-job injury resulting in a workers' compensation claim. On June 19, 1998, Appellant received a written notice informing him that he was terminated from his employment with DOC effective June 17, 1998. Five reasons were given for his termination, all unrelated to his previous workers' compensation claim. Appellant appealed his termination to the Oklahoma Merit Protection Commission. On October 20, 1998, the Merit Protection Commission upheld the termination. On July 28, 1999, pursuant to the Governmental Tort Claims Act and specifically 51 O.S. Supp.1992 § 156, Appellant submitted a "Notice of Tort Claim" against Department of Corrections. The claim alleged for was retaliatory discharge after filing a workers' compensation claim. The claim was denied on November 10, 1999. The Petition initiating this district court action was filed April 6, 2000.

¶ 3 DOC in its answer, and then again in its motion for summary judgment, points out that the tort claim must be presented to the State within one year from the date of loss.

> "Claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs."

51 O.S.Supp. 1992 § 156(B). The evidence is undisputed that Appellant's date of termination was June 19, 1998. The date his Notice of Claim was submitted to the State was July 28, 1999, more than one year later.

The trial court agreed with the DOC that Appellant's tort claim was time-barred.

¶4 Appellant's theory in response is that his "date of loss" was not the date of his notice of termination, but was rather October 20, 1999, the date his termination was upheld by the Merit Protection Commission. If so, then the Notice of Claim was timely filed. In other words, Appellant claims to have been merely exhausting his administrative remedies before resorting to the courts.

¶5 This Court has held that a retaliatory discharge action authorized by 85 O.S. §§ 5–7 against a political subdivision is governed by the Governmental Tort Claims Act. A claim of retaliatory discharge must therefore be asserted like any other tort claim under the Tort Claims Act. *Mann v. City of Norman*, 1989 OK CIV APP 66, 782 P.2d 152. Oklahoma statutes are in harmony with this. Although the retaliatory discharge cause of action is authorized by 85 O.S. §§ 5–7, when such cause of action is against a governmental entity the Governmental Tort Claims Act applies. Appellant's claim is thus subject to the requirements, exemptions, limitations and procedures of the Governmental Tort Claims Act. Title 51 O.S.1991 § 153 provides in pertinent part:

"A. The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees ... subject to the limitations and exceptions specified under this act....
B. The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise."

And 85 O.S.1991 § 6.1 provides:

"The liability of the state or political subdivision as defined in Section 152 of Title 51 of the Oklahoma Statutes, that is found in violation of Section 6 of Title 85 of the Oklahoma Statutes shall be limited to the limits of liability contained in the Governmental Tort Claims Act."

¶6 Appellant's contention that he was required to exhaust his administrative remedies before resorting to the courts is without merit here. That argument would be valid if he were simply trying to get his job back. But this is a tort action, something the Merit Protection Commission has no jurisdiction over. Appellant is seeking money damages, relief the Merit Protection Commission cannot award. It is true that one must wait to resort to the courts for relief that may be available under the Administrative Procedures Act. But, there is no requirement to wait for an administrative decision on the termination to resort to the courts to assert a retaliatory discharge cause of action. One of the cases cited by Appellant explains:

"It is only where administrative remedies are not adequate that the courts may take jurisdiction prior to actual exhaustion of administrative remedies, and then a strong showing is required as to the alleged inadequacy of a prescribed administrative remedy."

*Martin v. Harrah Independent School District*, 1975 OK 154, 543 P.2d 1370, 1372.

¶7 A tort claim against the State for retaliatory discharge must be initiated by filing the Notice of Claim within one year of the termination. There is no requirement or obligation to wait for administrative remedies to run their course. One waits at his own risk. The order granting summary judgment is affirmed.

¶8 AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.