2012 OK 87

Timothy SLAWSON and George Kellogg, Personal Representative of the Estate of George Wesley Kellogg, Plaintiffs/Appellants,

v.

BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY, a Governmental Entity, Defendant/Appellee.

No. 109,468.

Supreme Court of Oklahoma.

Oct. 23, 2012.

Chris Harper, Phillip P. Owens, Edmond, Oklahoma, for plaintiff/appellee.

Eric Cotton, Oklahoma City, Oklahoma, Timothy Melton, Collins, Zorn, and Wagner, P.C., Oklahoma City, Oklahoma, for defendant/appellant.

WINCHESTER, J.

¶ 1 On July 19, 2008, Timothy Slawson and George Wesley Kellogg were involved in a motor vehicle accident on a county road near the intersection of Bryant and Simmons in Guthrie, Oklahoma. This accident led to serious injury of Slawson and death of Kellogg. Slawson, and George Kellogg, the personal representative of the estate of George Wesley Kellogg, ("plaintiffs") assert that the Board of County Commissioners of Logan County, a governmental entity ("defen-

dants"), were negligent in maintaining roadside warnings, signage, and general maintenance of the roadway.

¶ 2 Plaintiffs retained attorneys to represent their interests in the tort claim. Counsel prepared the claim and tasked a staff member with filing it in the Office of the County Clerk for Logan County. The staff member arrived at the county clerk's office at approximately 4:40 p.m. on Friday, July 17, 2009, which was ten minutes after that office closed. The Board of Commissioners for Logan County is located in the same building, and a secretary was still there. The staff member who presented the claim to the secretary within the Board of Commissioners' office, alleged that the secretary agreed to receive the claim and present it to the County Clerk's office the following Monday and ensure that it was date stamped with Friday's date, July 17, 2009. However, when the secretary presented the claim on Monday, July 20, 2009 it was stamped with that day's date.

¶ 3 The defendants moved to dismiss, and the District Court of Logan County granted the motion. That court found the notice of the claim was, as a matter of law, time-barred. On appeal, the Court of Civil Appeals, Division I, affirmed. We granted certiorari.

¶ 4 The applicable statute, § 156(B) of the Governmental Tort Claims Act, title 51, provides that claims against the state or a political subdivision are to be presented within one year of the date the loss occurs, and unless notice is presented, the claim shall be forever barred.[1] Although the defendants present a question asserting ambiguity in § 156, the issue is whether the claim was timely filed. Because we hold that the claim was timely filed, we do not address the question of ambiguity.

¶ 5 Plaintiffs assert that the claim was presented on Friday, July 17, 2009. Defendants assert that because the claim was not presented during business hours and was file stamped on Monday, July 20, 2009 that the claim is judicially barred because it was not filed within a year of the loss.

¶ 6 The Oklahoma Governmental Torts Act places a firm requirement of one year on filing a claim. The one year begins to run from the date of the loss incurred. *Zachary v. State ex rel. Dept. of Corrections,* 2001 OK CIV APP 120, ¶ 3, 34 P.3d 1171, 1172. The limitations of the Tort Claims Act are narrowly structured, and a grant of substantial compliance under the general procedural regime is not allowed. *Carswell v. Oklahoma State University,* 1999 OK 102, ¶ 7, 995 P.2d 1118, 1121.

¶ 7 Title 51 O.S.2011, 164 provides that the laws and statutes of Oklahoma, and the Rules of Civil Procedure as promulgated and adopted by the Supreme Court of Oklahoma, are applicable to this Act, as long as those are not inconsistent with the provisions of this Act. Computation of times is found in 12 O.S.2011, 2006, of the Rules of Civil Procedure. Subsection (A)(1) provides that the day of the act or event from which the designated period of time begins to run shall not be included. The date of the vehicle accident was agreed by both parties to have been July 19, 2008. The last day of the period so computed shall be included. Thus, the end of the one-year statute of limitations would run through July 19, 2009. However, because this date is a Sunday, 12 O.S.2011, 2006(A)(1) provides for the proper date to be extended to the next day in which the County Clerk's office is regularly open.

¶ 8 Title 25 O.S.2011, 82.1(A) provides in pertinent part that: "The designation and dates of holidays in Oklahoma shall be as

---

1. 2006 Okla.Sess.Laws, ch. 102, § 1. Section 156 has been amended by 2010 Okla.Sess.Laws, ch. 365, § 1, and by 2012 Okla.Sess.Laws, ch. 304, § 206, eff. August 24, 2012. The 2006 amendment provided: "B. Except as provided in subsection H of this section, claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." The 2012 amendment provides: "B. Except as provided in subsection H of this section, and not withstanding any other provision of law, claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs."

follows: Each Saturday, Sunday, [...]." This statute effectively makes the statute of limitations expire at the close of business on Monday, July 20, 2009. The parties do not contest that the claim of plaintiffs bears a file stamp indicating it was filed Monday, July, 20, 2009. Because the claim was filed on July 20, 2009, and because 12 O.S.2011, 2006 provides for the statute of limitations not to expire on a weekend or holiday in which the County Clerk's office is closed, the claim was presented in a timely fashion and is not barred. Having met the one-year requirement, the affirmation by the Court of Civil Appeals of the dismissal of the claim by the trial court is vacated and the cause is reversed and remanded with instructions to proceed in a manner consistent with this opinion.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

ALL JUSTICES CONCUR.

