2015 OK CIV APP 28

DUNCAN

v.

CITY OF STROUD.

No. 112,172.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 6, 2015.

A. Laurie Koller, Patrick E. Carr, Michael E. Carr, Guy A. Thiessen, Raymond S. Allred, Carr & Carr Attorneys, Tulsa, Oklahoma, for Plaintiff/Appellant

David W. Kirk, Robert Ray Jones, Jr., Lytle Soulé & Curlee, Oklahoma City, Oklahoma, for Defendant/Appellee

JOHN F. FISCHER, Presiding Judge.

¶ 1 Donald W. Duncan appeals the dismissal with prejudice of his petition alleging a tort claim against the City of Stroud. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp.2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. In the district court, the City argued that Duncan failed to file this suit within the applicable limitations period required by the Governmental Tort Claims Act, 51 O.S.2011 §§ 151–172 (GTCA), and therefore, his claim was barred.[1] The City's argument is predicated on its interpretation of a letter received from Duncan's counsel at the beginning of this litigation. Because that letter does not constitute the notice required to start the limitations period for Duncan's tort claim, we reverse.[2]

## BACKGROUND

¶ 2 Duncan was injured in an automobile accident that he contends was caused by the negligence of a City employee who was acting within the scope of his employment and driving a vehicle owned by the City at the time of the accident. Duncan seeks to recover for the damages he alleges he incurred as a result of the accident. Prior to the filing of this suit, Duncan's legal counsel sent a letter to an insurance agency identified as the insurer of the City vehicle. The City contends that this letter started the limitations period. The City moved to dismiss Duncan's petition arguing that it had been filed outside the time permitted after counsel's letter. The district court granted the City's motion and dismissed Duncan's petition with prejudice.

## STANDARD OF REVIEW

 ¶ 3 The City's motion to dismiss was premised on 12 O.S.2011 § 2012(B)(1),

and argued that the district court lacked subject matter jurisdiction because Duncan's petition was filed after the applicable limitations period had run. "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle the plaintiff to relief." *Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 6, 212 P.3d 1158, 1162. Appellate courts review an order dismissing a petition de novo "considering the legal sufficiency of the petition and taking all allegations in the plaintiff's petition as true." *Gens v. Casady Sch.*, 2008 OK 5, ¶ 8, 177 P.3d 565, 569.

## ANALYSIS

 ¶ 4 Duncan's claim against the City is governed by the GTCA. Section 153(A) of the GTCA provides:

The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in The Governmental Tort Claims Act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state.

51 O.S.2011 § 153(A). Within one year of the accident, Duncan was required to "present" his claim to the City. 51 O.S.2011 §§ 156(A) and 156(B). The manner in which that claim must be presented is also set out in section 156 of the Act.

D. A claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body.

E. The written notice of claim to the state or a political subdivision shall state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the

---

1. Although some provisions of the GTCA have been amended since 2011, those amendments were not effective until after Duncan's injury. Further, those amendments did not affect the material provisions of the GTCA relevant to this litigation. Therefore, we will cite to the 2011 version of the GTCA.

2. Duncan's Motion for Leave to Submit Appellate Brief is denied.

name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim. . . . Failure to state either the date, time, place and circumstances and amount of compensation demanded . . . shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision.

¶ 5 However, Duncan was prohibited from filing this suit until the City denied his claim. "No action for any cause arising under [the GTCA] shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section." 51 O.S.2011 § 157(B). "A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days." 51 O.S. 2011 § 157(A). "Compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 [of the GTCA] are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government." *Shanbour v. Hollingsworth,* 1996 OK 67, ¶ 7, 918 P.2d 73, 75.

¶ 6 The accident in which Duncan was injured occurred on March 23, 2012. On April 6, 2012, Duncan's legal counsel sent a letter on the law firm's letterhead to Hinson Insurance Agency. According to the Traffic Collision Report prepared by the City's police officer who investigated the accident, Hinson was identified as the insurance company for the City vehicle involved in the accident. The "regarding" section of counsel's April 6 letter lists Duncan's name, the City, the City employee's name and the date of accident. The letter states:

The firm of Carr & Carr Attorneys has been retained by Donnie Wayne Duncan for representation concerning the matter described above.

Each and every authorization in which our client may have permitted the release of medical records, employment records or other information which customarily requires an authorization is hereby revoked. Please do not request such records or information without a proper release obtained through our firm after the date of this letter.

Pursuant to Okla. Stat. Tit. 12, § 3226(B)(1), insurance agreements that will satisfy part or all of a judgment are discoverable. Please send us a copy of this policy and a statement of each coverage and limits thereof, as well as copies of each oral or written statement you have obtained from our client and copies of photographs of the vehicles involved in this loss.

Carr & Carr, Attorneys at Law, is claiming an attorney lien on the proceeds of any settlement.

¶ 7 On April 12, 2012, Duncan's counsel received a letter from a senior claims examiner for Oklahoma Municipal Assurance Group (OMAG) acknowledging receipt of Duncan's April 6, 2012, "claim." That letter states that the claims examiner "will be directing the handling of this matter and will be in touch in the near future." The letter includes a "cc: City of Stroud." There is no indication in this record that Duncan's counsel was thereafter contacted by the OMAG's senior claims manager or any other OMAG officer, agent or employee.[3]

¶ 8 In a certified letter dated February 20, 2013, Duncan's counsel mailed a Notice of Claim to the Stroud City Clerk.[4] The February Notice of Claim provides all of the information required by Title 51 O.S.2011 § 156(E), including a demand for $250,000 to compensate Duncan for his damages resulting from the accident. In addition, the February Notice of Claim was mailed to the City Clerk as required by 51 O.S.2011 § 156(D). Although the City now contends that Dun-

---

3. In other litigation, OMAG has provided a form for GTCA claimants to fill out and submit regarding claims against its insureds. *See, e.g., Kennedy v. City of Talihina,* 2011 OK CIV APP 108, 265 P.3d 757. There is no evidence in this record that OMAG provided any such form to Duncan or his counsel.

4. The February Notice of Claim appears to have been mailed on February 19, 2013, and, according to the return receipt, received by the City Clerk the following day.

can's time to pursue his claim expired in January of 2013, there is no response to Duncan's February 2013 Notice of Claim in this record or any other correspondence from the City to Duncan or his counsel. If effective, Duncan's February Notice of Claim would have been "deemed denied" ninety days thereafter, or on May 20, 2013. 51 O.S.2011 § 157(A). Duncan filed this suit on June 3, 2013, within the one hundred and eighty days after May 20, 2013, required by section 157(B) of the GTCA.

¶ 9 Nonetheless, the City moved to dismiss Duncan's suit arguing that counsel's April 6 letter constituted the notice required by section 156 of the GTCA. According to the City, Duncan's claim was deemed denied ninety days after April 6, 2012, or on July 5, 2012. The City concludes that Duncan's suit filed June 3, 2013, is barred by the applicable limitations period because it was filed more than one hundred and eighty days after July 5, 2012, as required by section 157(B) of the GTCA. If the April 6 letter constituted the statutorily required notice of Duncan's claim, the City is correct and Duncan's claim is barred. *See Hall v. The GEO Group, Inc.,* 2014 OK 22, ¶ 13, 324 P.3d 399, 404 (compliance with the notice provisions of the GTCA is jurisdictional). However, we find the City's position untenable.

¶ 10 Even though the April 6 letter does not contain the information required by section 156(E) and was not filed with the City Clerk as required by section 156(D), the City argues that the April 6 letter is sufficient notice of Duncan's claim because it substantially complies with the notice requirements of the GTCA. The City relies on two decisions from this Court to support this argument. The City's cases were either decided before or relied on cases decided before *Minie v. Hudson,* 1997 OK 26, 934 P.2d 1082. In that case, the claimant relied on the line of cases which had consistently held that substantial compliance with the notice provisions of the GTCA was sufficient when the governmental entity was not prejudiced, and the information provided satisfied the purposes of the statutory notice provisions of the Act. The Court noted, however, that the notice section of the Act, section 156, had been amended effective October 1, 1985. The amendment added a provision requiring that: "A claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body." *Id.* ¶ 7, 934 P.2d at 1086. As a result, the Court held "only a written claim is sufficient to invoke the protections of the Governmental Tort Claims Act." *Id.* ¶ 8, 934 P.2d at 1086.

¶ 11 *Minie* does not speak directly to the requirement for filing a claim with the clerk of the governing body. However, the Court did find that the claimant's verbal notice of his claim to the city manager and his written notice filed with the county clerk did not constitute valid notice of his claim against the city. We agree with this Court's holding in *Smith v. White Oak Sch. Dist.,* No. 105,108, 2008 WL 9824868, at *3 (Okla. Ct.App. June 20, 2008), that *Minie* abrogated the doctrine of substantial compliance. As recently noted by the Supreme Court: "The limitations of the Tort Claims Act are narrowly structured, and a grant of substantial compliance under the general procedural regime is not allowed." *Slawson v. Board of County Comm'rs of Logan Cnty.,* 2012 OK 87, ¶ 6, 288 P.3d 533, 534 (citing *Carswell v. Oklahoma State Univ.,* 1999 OK 102, ¶ 7, 995 P.2d 1118, 1121).

¶ 12 Notice is the "cornerstone" of the GTCA. *McWilliams v. Board of Cnty. Comm'rs of Cnty. of Comanche,* 2011 OK 103, ¶ 24, 268 P.3d 79, 85. The City's argument that the April 6 letter constitutes sufficient notice of Duncan's tort claim fails for three reasons.

¶ 13 First, of the information required by section 156(E), the April 6 letter includes only Duncan's name, the date of the accident, the name of the City employee involved in the accident, and the name, address, and telephone number of the agent authorized to settle Duncan's claim. It does not include Duncan's address and telephone number, the time, place or circumstances of the accident, the amount of compensation Duncan sought, and it was not filed with the City's Clerk. Citing section 156(E), the City argues that failure to include "the date, time, place and circumstances and amount of compensation demanded ... shall not invalidate the notice

unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision." The plain meaning of this language is to provide a mechanism to cure an otherwise statutorily defective notice. "[N]o further construction is required or permitted." *Hathaway v. State ex rel. Med. Research & Technical Auth.*, 2002 OK 53, n. 13, 49 P.3d 740, 743 n. 13. However, the City "did not exercise its prerogative under [section 156(E)] to obtain further information from the appellant." *Reirdon v. Wilburton Bd. of Educ.*, 1980 OK 67, ¶ 5, 611 P.2d 239, 241 (superseded by statute). Consequently, the April 6 letter remained statutorily deficient as notice of Duncan's tort claim.

¶ 14 Second, the April 6 letter does not meet the statutory definition of a "claim" for purposes of the GTCA. A claim is defined as:

> [A]ny **written demand** presented by a claimant or the claimant's authorized representative in accordance with this act **to recover money** from the state or political subdivision as compensation for an act or omission of a political subdivision or the state or an employee.

51 O.S.2011 § 152(4) (emphasis added). The only "demand" in the April 6 letter is for a copy of the City's insurance policy. "The GTCA precludes any tort action against a political subdivision unless the plaintiff has provided notice and given the political subdivision the opportunity to accept or deny the claim." *McWilliams*, 2011 OK 103, ¶ 24, 268 P.3d at 85. Unless the amount of a claimant's demand is known, it is impossible for the government to decide whether to pay or deny the claim. Duncan's only demand for money is contained in his February Notice of Claim.

¶ 15 Third, the April 6 letter was not filed by Duncan's counsel with the City's Clerk as required by section 156(D) of the GTCA: "A claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body." "The use of 'shall' by the Legislature is normally considered as a legislative mandate equivalent to the term 'must', requiring interpretation as a command." *Minie*, 1997 OK 26, ¶ 8, 934 P.2d at 1086. The City's argument that the April

6 letter constituted notice of Duncan's tort claim is unpersuasive.

¶ 16 We are not dealing in this case with an attempt by a governmental tort claimant to avoid the GTCA limitations periods by filing a second notice of claim. *Cf., Kennedy v. City of Talihina*, 2011 OK CIV APP 108, 265 P.3d 757; *Grider v. Indep. Sch. Dist. No. 89*, 1994 OK CIV APP 34, 872 P.2d 951. Here we deal with an attempt by the City to cut off an otherwise GTCA compliant claim through a strained interpretation of a letter from Duncan's counsel to what appears to be an insurance agency representing the City. There is no evidence in this record proving that the City is insured for this loss by OMAG, that OMAG was authorized to receive notice of tort claims against the City or that OMAG transmitted the April 6 letter to the City's Clerk. To the extent that OMAG is the City's insurance company, we cannot permit the senior claims manager's promise "to be in touch in the near future" to "lull" Duncan, whether intentionally or unintentionally, "into a false sense of security concerning the applicable denial date under [section] 157 and then rely on the induced delay as a defense to an action." *Carswell v. Oklahoma State Univ.*, 1999 OK 102, ¶ 13, 995 P.2d 1118, 1122.

¶ 17 Finally, the rule of interpretation proposed by the City would put claimants at risk anytime they communicated with a governmental entity prior to filing a formal notice of claim fully compliant with the requirements of section 156. The GTCA "should not be given a construction which will defeat the ends of justice." *Reirdon*, 1980 OK 67, ¶ 6, 611 P.2d at 241. Discouraging early communication between a tort claimant and the government would defeat the ends of justice and frustrate the purpose of the GTCA.

> The purposes of the notice requirement are to further legitimate interests by promoting prompt investigation; by providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims; and to allow the opportunity to prepare to meet possible fiscal liabilities.[5]

*Conway v. Ohio Cas. Ins. Co.*, 1983 OK 83, ¶ 7, 669 P.2d 766, 767 (superseded by statute). *Accord McWilliams*, 2011 OK 103, ¶ 24, 268 P.3d at 85. The City's proposed rule of interpretation is a rule we are unwilling to adopt and a rule we find inconsistent with *Minie v. Hudson.*

## CONCLUSION

¶ 18 The evidence submitted in support of the City's motion to dismiss is insufficient to contradict the allegation in Duncan's petition that on February 23, 2013, he "gave timely and proper notice of his claim to the City of Stroud pursuant to Okla. Stat. Tit. 51, § 156 and within the one (1) year set forth therein." Taking this allegation in Duncan's petition "as true," we find that the district court erred in granting the City's motion to dismiss. *Gens v. Casady Sch.*, 2008 OK 5, ¶ 8, 177 P.3d 565, 569. The order appealed is reversed.

¶ 19 **REVERSED.**

GOODMAN, V.C.J., and WISEMAN, J., concur.

---

**5.** According to the investigating officer's report, the accident occurred because the city vehicle "disobeyed the traffic sign" at an intersection striking Duncan's vehicle while Duncan had the right of way.