2016 OK CIV APP 14

**Lisa HILL, Plaintiff/Appellant,**

**v.**

**STATE of Oklahoma, ex. rel. BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, Defendant/Appellee.**

**No. 113,718.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 18, 2015.

Rehearing Denied Jan. 21, 2016.

Bryan G. Garrett, Holloway, Dobson & Bachman, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Eric A. Moen, Gus H. Buthman, Heidi J. Long, University of Oklahoma, Office of Legal Counsel, Norman, Oklahoma, for Defendant/Appellee.

Bay Mitchell, Presiding Judge.

¶1 Plaintiff/Appellant Lisa Hill ("Plaintiff") appeals the trial court's dismissal of her negligence claim against Defendant/Appellee State of Oklahoma ex rel. Board of Regents of the University of Oklahoma ("Defendant"). The trial court determined Plaintiff's notice of injury to Defendant did not comply with the notice requirements of the Governmental Tort Claims Act ("GTCA"), specifically 51 O.S. § 156(C). Following our *de novo* review of the record and applicable law, we affirm the decision of the trial court.

¶2 According to the facts as alleged in Plaintiff's Petition, on November 16, 2013 Plaintiff was present on the University of Oklahoma Health Sciences Center campus to attend a medical appointment with her son when campus police asked her to leave the facility for unknown reasons. When Plaintiff was outside of the facility but still on campus, the police attempted to restrain or handcuff her causing her to fall to the ground and sustain injuries. Plaintiff's Petition also stated "Plaintiff has complied with the Governmental Tort Claims Ac[t], and this matter is timely filed." The Petition contained no other factual assertions related to Plaintiff's compliance with the notice requirements of 51 O.S. § 156(C).

¶3 In response to Plaintiff's Petition, Defendant filed a Motion to Dismiss arguing that Plaintiff's Petition should be dismissed pursuant to 12 O.S. § 2012(B)(1) or 12 O.S. § 2012(B)(6) because Plaintiff did not comply with the notice requirements of 51 O.S. § 156(C). Defendant provided an affidavit signed by the Director of Risk Management at the Oklahoma Office of Management and Enterprise Services who stated that he had access to all the files related to tort claims filed against the State of Oklahoma, including the Board of Regents of the University of Oklahoma, and that no claims had been filed by Plaintiff against the Board of Regents or any other state entity. Defendant argued compliance with the notice requirement is a jurisdictional prerequisite to maintaining a tort claim against the state and that failure to specifically plead factual allegations demonstrating compliance leaves a petition which is insufficient to state a claim upon which relief can be granted.

¶4 Plaintiff countered with her Response to Defendant's Motion to Dismiss and argued that, pursuant to the Supreme Court's decision in *Reirdon v. Wilburton Board of Ed.*, 1980 OK 67, 611 P.2d 239, she "substantially complied" with the GTCA by providing notice to "The University of Oklahoma Health Science Center, The University of Oklahoma Health Science Center Police Department, OU Medical Center/The Children's Hospital, and to Amanda Miller, the Directory *(sic)* of Property and Risk Management of the University of Oklahoma Health Science Center" (hereinafter the "OU entities"). Plaintiff attached as an exhibit a copy of the letter sent by her counsel to the OU entities dated December 3, 2013 which set forth the details of Plaintiff's claim of injury. Plaintiff also attached copies of the certified mail receipts showing delivery upon all of the OU entities except the University of Oklahoma Health Science Center Police Department, which received the notice via fax.

## STANDARD OF REVIEW

¶5 Defendant sought dismissal based on both 12 O.S. § 2012(B)(1) (lack of subject matter jurisdiction) and § 2012(B)(6) (failure to state a claim). Both Defendant and Plaintiff attached evidentiary materials to their respective filings. A court must convert a motion to dismiss into one for summary judgment if evidentiary materials are attached to a motion to dismiss for failure to state a claim under § 2012(B)(6). *E.g., Dyke v. Saint Francis Hospital*, 1993 OK 114, ¶7, 861 P.2d 295. However, such conversion is

not required for a motion seeking to dismiss for grounds other than failure to state a claim. When deciding a motion to dismiss for absence of jurisdictional prerequisites, courts may review evidentiary materials attached to the motion without converting it to one for summary judgment. *Visteon Corp. v. Yazel*, 2004 OK CIV APP 52, ¶ 21, 91 P.3d 690.

██ ¶ 6 Here, the trial court's order stated Plaintiff's Petition was "dismissed for failure to comply with 51 O.S. § 156(C)." Compliance with the notice requirement of 51 O.S. § 156(C) is a "prerequisite[] to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government." *Shanbour v. Hollingsworth,* 1996 OK 67, ¶ 7, 918 P.2d 73 (internal quotations and citations omitted). Accordingly, the trial court appropriately resolved the issue here under Defendant's Motion to Dismiss. Regardless, our standard of review is *de novo* whether reviewing a motion to dismiss or a motion for summary judgment. *Indiana Nat. Bank v. State Dept. of Human Services,* 1994 OK 98 ¶ 2, 880 P.2d 371 (setting forth standard of review for a motion to dismiss); *Manley v. Brown,* 1999 OK 79, ¶ 22, 989 P.2d 448 (setting for the standard of review for summary judgment).

## ANALYSIS

██ ¶ 7 The record shows and Plaintiff does not dispute that her tort claim against Defendant is subject to the GTCA.[1] Section 156 provides the first step in bringing an authorized suit under the GTCA is notice. Valid notice of the claim must be given to the government within one year of the alleged tort injury. 51 O.S. § 156(B). Section 156 provides in pertinent part:

C. A claim against the state *shall be in writing and filed with the Office of*

*the Risk Management Administrator of the Office of Management and Enterprise Services* who shall immediately notify the Attorney General and the agency concerned and conduct a diligent investigation of the validity of the claim within the time specified for approval or denial of claims by Section 157 of this title. A claim may be filed by certified mail with return receipt requested. A Claim which is mailed shall be considered filed upon receipt by the Office of the Risk Management Administrator.

(Emphasis added.)

██ ¶ 8 Plaintiff unquestionably failed to comply with the statutory notice requirements as she did not provide notice of her injury to the Office of Risk Management as provided in 51 O.S. § 156(C). Instead, Plaintiff argues her notice to the OU entities meets the "substantial compliance" doctrine as set forth in *Reirdon*. We reject this argument. First, the tenets of statutory construction mandate that when "a statute is plain and unambiguous, it will not be subjected to judicial construction but will receive the effect its language dictates." *Yocum v. Greenbriar Nursing Home,* 2005 OK 27, ¶ 9, 130 P.3d 213. Section 156 plainly sets forth how a claimant is to provide notice under the GTCA and leaves no discretion for how a claimant is to submit a notice of injury. *See Keating v. Edmondson,* 2001 OK 110, ¶ 13, 37 P.3d 882("Generally, when the Legislature uses the term 'shall', it signifies a mandatory directive or command."). Here, Plaintiff failed to comply with the mandatory notice requirements of the GTCA.[2] Accordingly, the trial court correctly dismissed her suit for such failure.

1. The GTCA provides that the State of Oklahoma has adopted the doctrine of sovereign immunity and that liability is waived only to the extent provided in the GTCA. 51 O.S. § 152.1. Further, the GTCA defines "State" as "the State of Oklahoma or any office, department, agency, authority, commission, board, institution, hospital, college, university, public trust ... or other instrumentality thereof ..." which undisputably includes Defendant here. *Id.* at § 152(12).

2. Plaintiff's Petition and Defendant's Motion to Dismiss provide that this is Plaintiff's second lawsuit against Defendant. Plaintiff filed her first suit on July 18, 2014 and voluntarily dismissed it without prejudice. Defendant's Motion to Dismiss states that Plaintiff dismissed her first suit in response to Defendant's motion to dismiss which also argued Plaintiff failed to comply with the notice requirements of the GTCA.

¶ 9 Second, the "substantial compliance" doctrine as initially set forth in *Reirdon* is inapplicable to the facts of this case. In *Reirdon*, the trial court granted the Wilburton School Board's demurrer to the plaintiff's petition which alleged the trial court did not have jurisdiction over the suit because the plaintiff filed her notice of injury with the president of the school board rather than the clerk of the school board as required by the predecessor to the GTCA.[3] *Reirdon*, 1980 OK 67, ¶ 2; 611 P.2d 239. On appeal the plaintiff argued she had "substantially complied" with the statute by providing notice to the president of the school board and that the school was estopped from invoking the notice provisions of the act. In overturning the trial court's grant of the demurrer the Supreme Court noted the record showed that the school board discussed the plaintiff's claim at a meeting, hired an attorney, entered a general appearance in the lawsuit, and could not demonstrate any prejudice because the notice was presented to the president of the school board as opposed to the clerk.

¶ 10 Unlike in *Reirdon*, the trial court here was not faced with a government defendant who treated a claimant's notice of injury as valid only to reverse its position when suit was actually filed. There is no evidence in the record that Defendant responded in any manner to Plaintiff's letter to the OU entities. Defendant maintained a consistent position that Plaintiff's claim of injury did not comply with the notice requirements of the GTCA.[4]

¶ 11 As in *Reirdon*, other cases which have applied the "substantial compliance" doctrine have done so in circumstances where the government entity being sued acted in a manner where it treated the allegedly invalid notice as acceptable or otherwise responded to such notice only to change position when a lawsuit was actually filed. For example, in *Mansell v. City of Lawton*, 1995 OK 81, ¶¶ 4–6, 901 P.2d 826, the claimant sent a letter to the city clerk giving details of his alleged injury. The city responded asking for additional information to which the claimant provided a preliminary response. Later, when the claimant filed suit but before he supplemented his response, the city argued the initial letter did not constitute valid notice for purposes of calculating the deadline for claimant to file suit after denial of his claim. The Supreme Court rejected the city's argument finding that the information provided by the claimant in his initial letter fulfilled the notice requirements of the GTCA. *Id.* at ¶¶ 9–10. *Cf. Juvenal v. Okeene Public Schools*, 1994 OK 83; ¶¶ 8–10, 878 P.2d 1026 (public works authority could not claim that undisputably valid GTCA notice to city was insufficient to put it on notice when the city's board of trustees oversaw the public works authority).

¶ 12 Additionally, the continued validity of the "substantial compliance" doctrine is, at best, questionable. *Hathaway v. State ex rel. Medical Research & Technical Authority*, 2002 OK 53, n. 25, 49 P.3d 740 (stating

---

**3.** The Political Subdivision Tort Claims Act was renamed the Governmental Tort Claims Act in 1984. 1984 Okla. Sess. Laws, ch. 226, § 1. Like the current version of the GTCA, the Political Subdivision Tort Claims Act required notice to a political subdivision (*i.e.*, a school district) to be filed with the "clerk of the governing body of the political subdivision." *Compare* 51 O.S.Supp. 2015 § 156(D) *with* 51 O.S. Supp.1978 § 156(C).

**4.** Later case law further defined the "substantial compliance" doctrine and provided that "substantial compliance with the notice provisions of the Act is sufficient when the political subdivision is not prejudiced, and the provided information satisfies the purposes of the statutory notice requirement." *Mansell v. City of Lawton*, 1995 OK 81, ¶ 9, 901 P.2d 826. One of the issues Plaintiff raised on appeal is whether Defendant "suffered any prejudice by the method the tort claim notice was sent." First, we note that the

continued validity of the "substantial compliance" doctrine is questionable as discussed below. Second, we find no support for Plaintiff's implication that a governmental defendant bears the burden to demonstrate prejudice when a claimant admittedly fails to comply with the strict notice requirements of the GTCA, especially when, as here, the governmental defendant consistently treats the notice as invalid. This position is further supported by the substantial compliance cases decided prior to the Supreme Court's decision in *Minie v. Hudson*, 1997 OK 26, 934 P.2d 1082. In these cases the governmental defendants treated the notices as acceptable only to change position when the claimants actually filed suit. *Reirdon, Mansell, Juvenal, infra.* Clearly, the defendants in those cases did not suffer prejudice as demonstrated by their responses to the claimants' notices.

that *Lucas v. Ind. Public School Dist. No. 35*, 1983 OK 121, ¶ 7, 674 P.2d 1131 has been superseded by statute only to the extent that it stands for the proposition that notice provisions may be satisfied through substantial compliance). *(relying on Minie v. Hudson*, 1997 OK 26, ¶ 6, 934 P.2d 1082). All of the cases relied on by Plaintiff were decided prior to the Supreme Court's decision in *Minie v. Hudson*. There, the claimant relied on early "substantial compliance" case law to argue that verbal communication to the governmental entity may "substantially comply" with the GTCA's notice requirements. *Minie*, 1997 OK 26, ¶¶ 6–7, 934 P.2d 1082. In rejecting this argument, the Supreme Court held that the 1985 amendments to the GTCA specifically required notice to political subdivisions to be in writing, which directly contravened many of the Court's earlier decisions upholding substantial compliance. *Id.* (rejecting the earlier decision of *Duesterhaus v. City of Edmond*, 1981 OK 107, 634 P.2d 720, which held that verbal notice to a city's insurer substantially complied with the applicable notice provisions).

¶ 13 As the Court of Civil Appeals, Div. 2 recently noted, while "*Minie* does not speak directly to the requirement for filing a claim with the [designated governmental recipient] . . ., *Minie* [nonetheless] abrogated the doctrine of substantial compliance." *Duncan v. City of Stroud*, 2015 OK CIV APP 28, ¶¶ 11–15, 346 P.3d 446 (finding unpersuasive a plaintiff's argument that a letter which was not filed with the city clerk could constitute valid notice under the GTCA). Considering the undisputed fact that Plaintiff here did not provide notice to the Office of Risk Management as required by the GTCA along with the mandatory statutory language and the questionable validity of prior "substantial compliance" case law, we agree with the trial court's dismissal of Plaintiff's suit. *See Slawson v. Board of County Comm'rs of Logan County*, 2012 OK 87, ¶ 6, 288 P.3d 533 ("The limitations of the Tort Claims Act are narrowly structured, and *a grant of substantial compliance under the general procedural regime is not allowed.*"). (Emphasis added.) The decision of the trial court is AFFIRMED.

HETHERINGTON, C.J., and JOPLIN, J., concur.